JOHN W. F. CHANG AND ROSIE KIM CHANG, CLARENCE K. MATSUMOTO AND MATSUKO K. MATSUMOTO, SHONG LEE AND YOUNG KAM LAN LEE, AND HARRIS N. MURABAYASHI AND MIWAKO S. MURABAYASHI *v.* HARRY EUGENE MAGBEE AND LAVADA FRANCES MAGBEE.

No. 4153.

MARCH 22, 1962.

TSUKIYAMA, C. J., CASSIDY, WIRTZ, LEWIS AND MIZUHA, JJ.

OPINION OF THE COURT BY MIZUHA, J.

Defendants-appellants contend that the trial court erred in finding that the operation carried on by defendants, under the trade name of Pali Convalescent Home, variously described as an "old-age home," a "convalescent home" or a "nursing home," was in violation of a restrictive covenant, quoted below, prohibiting the use of the premises involved for the purpose of carrying on, among other operations, a boarding house, hospital or sanitarium.

We have carefully reviewed the record and find that the Pali Convalescent Home, which accommodates 26 to 35 people who are in need of nursing care because of old age, or in need of rest, or who are convalescents from

recent illnesses, and which provides at a stated monthly rate, food, lodging, and laundry services and also services of feeding, bathing, and clothing such persons as are unable to do so themselves, is a boarding house as mentioned in the following restrictive covenant which was written into deeds for lots within a private subdivision.

"That at no time shall the said lot or parcel of land or any building thereon be occupied or used in whole or in part, as, or for the purpose of carrying on a hotel, tavern, boarding house, tenement house, saloon, restaurant, barber shop, public laundry, hospital, sanitarium, asylum, poor house, prison, jail, charitable institution, place of public resort, bakery, candy shop or factory, poi shop or factory, butcher shop, slaughter-house, dairy, livery stable, public garage, machine shop, foundry, smith or tin shop, tannery, brewery, distillery, soap factory, store of any kind, or for the purpose of carrying on any trade, business or profession, the exercise, conduct or pursuit of which shall be noxious, offensive, or dangerous to the neighboring inhabitants."

The Pali Convalescent Home is not taken out of the "boarding house" class by reason of having attributes of a sanitarium or hospital. The appellants and appellees are agreed that the intention of the parties is to be gathered by considering the context. They are also agreed that a restrictive covenant is to be strictly construed. However, the latter rule does not signify that the term "boarding house" is to be construed without regard to the fact that a sanitarium or hospital is also prohibited. Accordingly, the principle of *Crain* v. *City of Louisville,* 298 Ky. 421, 182 S.W.2d 787, cited by the appellees and relied upon by the trial court, is applicable though that case did not involve a restrictive covenant.

In view of the foregoing, it is unnecessary to consider

other similar or related specifications of error raised by the appellants. The specification of error to the effect that the enforcement of such a covenant is against public policy and that the trial court abused its discretion in the enforcement thereof, is unsupported by the evidence and without merit.

The decree of the trial court ordered appellants to stop and desist from carrying on the operation of the Pali Convalescent Home, with the proviso, however, that such order be stayed pending disposition of the appeal by this court. The stay shall remain effective for fifteen days after remand or as further extended by the trial court, in order to afford the appellants time within which to apply to the trial court for a modification of the decree so as to allow them a reasonable period to comply with same.

Affirmed and remanded with direction to proceed in accordance with this opinion.

*Louis Le Baron* and *Ralph T. Yamaguchi* for appellants.

*Tin Chong Goo* and *Yukio Naito* for appellees.